# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-CR-61-2-JPS |
| DIAQUAN R. TUCKER, | **ORDER** |
| Defendant. | |

## 1. BACKGROUND

On April 8, 2021, Defendant filed a motion for compassionate release. (Docket #90). The Government filed a response on May 19, 2021. (Docket #95). The Court finds that there is sufficient record on which it may deny Defendant's motion.

## 2. FACTS

Defendant is serving a federal sentence after pleading guilty to robbery and firearms charges in 2020. (Docket #83). Defendant was sentenced by this Court to a total of 108 months in prison. (*Id.*) Defendant is currently detained at Federal Correctional Institution Oxford ("FCI Oxford") in Oxford, Wisconsin. His projected release date is in 2027.

In his motion, Defendant asks the Court to release him from prison because his health conditions place him at increased risk of harm from COVID-19. (Docket #90 at 4–5). Defendant states that he suffers from asthma, a "slow heartbeat," and mental health issues. (*Id.* at 5). According to the Government and Defendant's medical records, Defendant contracted and recovered from COVID-19. (Docket #95 at 16, #95-1 at 1). He has since been vaccinated against the COVID-19 virus. (Docket #95 at 4, #95-1 at 3).

As of September 21, 2021, FCI Oxford reports that no inmates and no staff members have active cases of COVID-19.[1] No inmate deaths have been reported, and 588 inmates and 80 staff have recovered from the virus.[2] Further, FCI Oxford is reporting that 77 of its staff and 563 of its inmates have been *fully* vaccinated.[3]

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same

---

[1] Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Sept. 21, 2021).

[2] *Id.*

[3] *Id.*

determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Page 3 of 6
Case 2:19-cr-00061-JPS   Filed 09/21/21   Page 3 of 6   Document 99

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.  **ANALYSIS**

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant alleges that he suffers from a list of health conditions including asthma, a "slow heartbeat," and mental health issues. (Docket #90 at 5). At least one of these conditions appears on the Centers for Disease Control and Prevention's list of conditions that can make a person more likely to get severely ill from COVID-19.[4] But the Court need not wade too deep into Defendant's medical history.

Since Defendant filed his motion, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19.

---

[4] *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 21, 2021).

Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[5] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[6] Quickly, it is becoming well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Vaccination at FCI Oxford is well underway, and Defendant has been vaccinated. The Court concludes that the combination of Defendant's health issues is mitigated by the COVID-19 vaccine. Defendant has not presented an extraordinary and compelling reason warranting his early release. *Sullivan*, No. 20-2647, 2021 WL 3578621, at *2.

## 5. CONCLUSION

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's

---

[5] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[6] *See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

motion for compassionate release, (Docket #90). The Court will grant the Government's motion to seal, (Docket #94).

Accordingly,

**IT IS ORDERED** that Defendant Diaquan R. Tucker's motion for compassionate release (Docket #90) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #94) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge